McKAY *v*. DETROIT UNITED RAILWAY.

1. CARRIERS — TRIAL — STREET RAILWAYS — PERSONAL INJURIES —
   CREDIBILITY OF WITNESSES.
   In an action against a street railway company for personal
   injuries received while alighting from defendant's street
   car, where the testimony of plaintiff, who was 95 years
   old at the time of the accident, showed some lapse of
   memory, but on material facts was quite clear, and the
   testimony of defendant's witnesses was contradictory, the
   credibility of the witnesses was a question for the jury,
   under proper instructions.

2. SAME—TRIAL—WEIGHT OF EVIDENCE—NEW TRIAL.
   In such action, where the evidence was contradictory, and
   the issue was submitted to the jury under proper in-
   structions, it was not error for the trial court to deny
   a motion for a new trial on the ground that the verdict
   was against the weight of the evidence.

Error to Wayne; Murphy, J. Submitted January
23, 1917. (Docket No. 137.) Decided March 29, 1917.

Case by John S. McKay against the Detroit United
Railway for personal injuries. Judgment for plain-
tiff. Defendant brings error. Affirmed.

*Corliss, Leete & Moody (Benj. S. Pagel,* of counsel),
for appellant.

*Schmalzriedt & Toms,* for appellee.

KUHN, C. J. The plaintiff recovered a judgment of
$1,500 against the defendant because of injuries sus-
tained while alighting from one of its cars on Monroe
avenue near Woodward avenue in the city of Detroit.
It was the claim of the plaintiff, who was 95 years
old at the time of the accident, that after the car had
come to a standstill several passengers got off ahead

of him, and that when he got on the rear platform he attempted to alight by going down the steps in a backward position; that he took hold of both handles on the side of the car, and that while he was in the act of letting go with his right hand and was about to step to the ground, and before he was given a reasonable chance to get to a place of safety upon the pavement, the car was suddenly started forward, and his hand became caught in the handle, and he was dragged along with the car a considerable distance, approximately 100 feet, which resulted in his injuries. It is the claim of the defendant that the only motion of the car was caused by the release of the brakes, and, as soon as they were released and the car was found in motion, that the brakes were immediately reapplied, and that all that could be done was done by the motorman to prevent any further movement of the car; that the car did not move more than 2 or 4 feet; and that what did happen was simply an unavoidable accident.

These two theories were presented to the jury by the trial judge in a clear charge. A motion for a new trial was made based upon the ground that the verdict was against the weight of the evidence. The denial of this motion by the trial judge is the only question which is here to be reviewed.

It is urged that the testimony of the plaintiff shows that because of his advanced years it is not to be credited, as it shows lapses of memory upon his part, and that the testimony of the motorman and conductor and a disinterested passenger who testified should be believed rather than that of the plaintiff. We have carefully examined the entire record, and, while it does appear that the plaintiff did not remember certain matters with reference to which he was interrogated, it also shows that as to the material facts involved in this controversy his testimony was quite

clear. It likewise appears that the testimony of defendant's witnesses was not without contradictions. Both the motorman and conductor testified that the car started with a jolt, while the testimony of the defendant's other witness, who was on the car at the time, shows that he did not remember it starting with a jolt, but that it started "nice and easy." The credibility of witnesses is to be determined by the jury and by the trial judge in determining the merits of the motion for a new trial. They have the benefit of seeing and hearing them on the witness stand. The evidence in this case was clearly conflicting, and we are not prepared to say that the trial judge erred in denying the motion for a new trial on the ground that the verdict was against the weight of the evidence.

The judgment is affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.